UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
────────────────────────────────────────────

HARRY MARQUEZ,

                Petitioner,

                                                  Order
    -against-                           03 CV 8643 (KMW) (MHD)

KENNETH S. PERLMAN,

                Respondent.
────────────────────────────────────────────

WOOD, U.S.D.J.:

    Appearing *pro se*, Harry Marquez has filed a motion for relief from judgment, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"), and a motion to reopen the time to file an appeal, pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure ("Rule 4(a)(6)").[1]

**I. Background**

    On January 22, 2001, New York City police officers arrested Marquez after an undercover officer purchased two vials of cocaine from his co-defendant, Magdalia Dones; the police alleged that Marquez aided and abetted the transaction. After a jury trial, Marquez was convicted of a single count of Criminal Sale of a Controlled Substance in the Third Degree and sentenced to six to twelve years in New York State prison.

    The Appellate Division affirmed the conviction, *People v. Marquez*, 751 N.Y.S. 2d 190 (N.Y. App. Div. 2002), and the New York State Court of Appeals denied leave to appeal, *People v. Marquez*, 790 N.E.2d 285 (N.Y. 2003).

---

[1] Because Marquez proceeds *pro se*, the Court construes his submissions to "raise the strongest arguments that they suggest." *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (internal quotation marks and citations omitted).

1

Pursuant to 28 U.S.C. § 2254, Marquez timely filed a petition for a writ of habeas corpus in this Court attacking his conviction. (Dkt. No. 1.) While that petition was under review, Marquez informed this Court's Pro Se Office that he had been transferred to the Orleans Correctional Facility in anticipation of deportation, provided his address at the Orleans Correctional Facility, and asked the Court to also send a copy of further correspondence to Ramona Gonzalez at an address in Manhattan. (Dkt. No. 7.) On June 29, 2005, Immigration and Customs Enforcement ("ICE") officers deported Marquez to the Dominican Republic, and, Marquez alleges, threw away Marquez's documents, including his files from this case. Marquez did not provide the Court with his address in the Dominican Republic or any further contact information.

Marquez advances four grounds for relief in his petition: (1) that the prosecution failed to present legally sufficient evidence at trial; (2) that the trial court erred in permitting evidence at trial that a sum of money was found in Marquez's pocket after his arrest; (3) that the trial court erred in permitting an undercover police officer to testify as an expert regarding the functioning of drug operations; and (4) that Marquez's sentence was excessive. On May 4, 2006, Magistrate Judge Dolinger recommended that the Court deny Marquez's petition, because he found that sufficient evidence was introduced at trial to support the jury's "conclusion that Marquez participated in some manner in the sale of narcotics to the undercover officer" and because the remaining three grounds for relief were procedurally barred as Marquez had failed to present them to the New York Court of Appeals. (Dkt. No. 8 at 21.) On October 16, 2006, this Court reviewed the Report, dismissed the petition, and declined to grant a certificate of appealablity. (Dkt. No. 9.) The Clerk of the Court mailed a copy of the judgment and a notice of right to appeal to Marquez at Orleans Correctional Facility, but the mail was returned as undeliverable.

There is no record of whether or not the Clerk of the Court mailed a copy to Ms. Gonzalez at the address Marquez provided.

On February 3, 2007, New York City police officers arrested Marquez for a violation and ICE officers determined that Marquez had illegally reentered the United States. On June 18, 2009, Marquez pleaded guilty to illegal reentry and, on September 29, 2009, he was sentenced to a term of imprisonment of 38 months.

On March 25, 2011, Marquez filed the current motion. Because Marquez has framed the motion as seeking relief from the judgment and also as a request to seek a certificate of appealability, the Court will consider Marquez's filing both as a motion for relief from the judgment, pursuant to Rule 60(b), and also as a motion to reopen the time to appeal, pursuant to Rule 4(a)(6).

## II. Discussion

### A. The Rule 60(b) Motion

Marquez states that "relief from that judgment should be granted for lack of notice due to the Immigration and Naturalization Service's expedited deportation and petitioner's extraordinary circumstances." (Pet'r's Reply at 2.)

Rule 60(b) provides that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

3

>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

In his memorandum and his reply brief, Marquez appears to rely on Rule 60(b)(6), which allows the court to relieve a party from a judgment for "any other reason that justifies relief."[2] The standard for granting a Rule 60(b) motion is strict, and the petitioner is required to demonstrate "'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)); *see also Nemaizer v. Baker*, 793 F.2d 58, 63 (2d Cir. 1986) (Rule 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief.").

Marquez states that the "extraordinary circumstances" justifying relief as follows:

> The INS agents threw away petitioner's documents (files). This amid petitioner's protestation that he needed his documents which were all related to his court proceedings. As a result of the INS officers' action petitioner has no records regarding the entirety of his court proceedings. He never heard a word about his case. Until he received a copy of his docket entries and others records that were purveyed by his defense counsel on his illegal re-entry proceedings.

(Pet'r's Reply at 3.)

To say the least, it is unfortunate that the immigration officers allegedly destroyed Marquez's files and that the Clerk of the Court's office has no record of whether or not a copy of the judgment was sent to Ms. Gonzalez, as Marquez requested. Nevertheless, Marquez should have updated the Clerk of the Court with his mailing address once he arrived in the Dominican Republic so that any filings would have been sent directly to him. *See Clark v. Florida*, 475 U.S. 1134, 1784-85 (1986) (*Pro se* plaintiff "failed to inform the Circuit Court of his change of address while appeal was pending and to keep a watchful eye on that court's docket, as he was

---

[2] Marquez does not argue that his motion relies on newly discovered evidence or fraud, or that the judgment is void or has been satisfied. If Marquez's claim were to rely on Rule 60(b)(1), on the basis of mistake, it would be time barred by Federal Rule of Civil Procedure 60(c)(1), which provides that a motion made pursuant to Rule 60(b)(1)-(3) must be made no more than one year after the entry of the judgment. Fed. R. Civ. P. 60(c)(1).

obligated to do if he intended to pursue his claim.") (Burger, J. concurring in denial of certiorari); *Eiland v. U.S. Dept. of Educ.*, No. 10 Civ. 4131, 2011 WL 5854597, at *2 (S.D.N.Y. Nov. 18, 2011) (Cote, J.) ("It is a party's obligation to keep the Court apprised of any change in address."). If Marquez had wanted to continue prosecuting his case, he also could have contacted the Court's Pro Se Office to inquire about the status of his case or asked Ms. Gonzalez or another friend in New York to come to the Court to make new copies of the destroyed files. Although the situation in which Marquez finds himself is unfortunate, the Court does not believe that it is drastic enough to justify the extraordinary relief of vacating a final judgment entered more than four years before the motion was filed.

Marquez's appeal is also time barred by rule 60(c)(1), which provides that "a motion under Rule 60(b) must be made within a reasonable time." Fed. R. Civ. P. 60(c)(1). To determine whether the party has filed within a "reasonable time," the Court "must scrutinize the particular circumstances of the case, and balance the interest in finality with the reasons for delay." *PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983). Even if Marquez would have had some reason for a nearly two-year delay in filing the instant motion (for the time period from the entry of judgment until he received copies of his case files at the end of September 2009), he has presented no reason for the subsequent 18-month delay before he actually filed on March 21, 2011. The Second Circuit has found similar periods of time unreasonable. *See e.g.*, *Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (Rule 60(b)(6) motion filed 18 months after judgment was untimely). The Court finds that Marquez's motion for relief from the judgment was not filed within a reasonable time and is therefore untimely.

   B.  The Rule 4(a)(6) Motion

The Court construes Marquez's motion as also moving, pursuant to Rule 4(a)(6), to reopen the time to file an appeal in order to allow him to seek a certificate of appealability.[3] *Cordon v. Greiner*, 274 F. Supp. 2d 434, 439 (S.D.N.Y. 2003) (Knapp, J.) ("Where a *pro se* litigant submits a late notice of appeal and alleges that he did not receive notice of the entry of the judgment or order from which he seeks to appeal within 21 days of its entry, that notice should be treated as a motion to reopen the time to file an appeal.").

Rule 4(a)(6) provides that:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

In this case, Marquez's motion was not mailed until March 21, 2011, more than 16 months after he learned of the entry of judgment and more than four years after the judgment was entered. Rule 4(a)(6) "establishes an outer time limit of 180 days for a party who fails to receive timely notice of entry of a judgment to seek additional time to appeal." *Avolio v. County of Suffolk*, 29 F.3d 50, 53 (2d Cir.1994) (quoting Advisory Committee Notes to 1991 Amendments). A district court lacks jurisdiction to reopen the time to file an appeal if the

---

[3] Federal Rule of Appellate Procedure 4(a)(1) requires a party to file a notice of appeal with the district clerk within 30 days after judgment is entered, but other provisions of Rule 4(a) permit a district court to grant an extension of time to file a notice of appeal under two circumstances. First, Federal Rule of Appellate Procedure 4(a)(5) allows a district court to grant an extension if a party shows excusable neglect or good cause for failing to file the notice of appeal on time and if the motion is made within 30 days after the time to file a notice of appeal has expired. Second, as discussed above, Federal Rule of Appellate Procedure 4(a)(6) allows a district court to grant an extension if a party shows that notice of the entry of judgment was not received and that no party would be prejudiced by the extension, but only if the motion is filed within 180 days after judgment is entered, or within 14 days after the moving party receives notice of the entry of judgment, whichever is earlier.

motion is filed beyond this outer time limit of 180 days after judgment is entered.  *Cf. Martinez v. Hoke*, 38 F.3d 655, 656 (2d Cir. 1994) (finding that "even where a party did not receive notice of entry of the judgment within 21 days of entry, the district court lacks jurisdiction under Rule 4(a)(6) to reopen the time for appeal if the motion" fails to comply with Rule 4(a)(6)(B)).  This rule "provides an incentive for parties to periodically inquire as to whether judgment has been entered, since no motion to reopen the appeal period will be timely if presented more than 180 days after entry, regardless of the would-be appellant's ignorance of the entry."  *Ryan v. First Unum Life Ins. Co.*, 174 F.3d 302, 305 (2d Cir. 1999).  Accordingly, the Court must dismiss as untimely Marquez's motion to reopen the time to file an appeal.

### III. Conclusion

For the reasons explained above, the petitioner's motions for relief from the judgment and to reopen the time to file an appeal are denied. The Clerk of the Court is directed to close this case.

The Court declines to issue a certificate of appealability because the petitioner has not "made a substantial showing of the denial of a constitutional right," pursuant to 28 U.S.C. § 2253(c)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

DATED:   New York, New York
         July 13, 2012

*/s/ Kimba M. Wood*
KIMBA M. WOOD
United States District Judge

8